## FIRST NATIONAL BANK OF CANTON
### v.
## THOMAS McCANN.

1. PROMISSORY NOTE—ACTION BY SECOND INDORSEE.—In an action by a second assignee upon a promissory note, if the first assignment was *bona fide*, for a valuable consideration before maturity, it does not matter that the second indorsement was made after its maturity.

2. Although an indorsement may appear to be for collection only, proof may be introduced showing it to have been made for a valuable consideration.

3. WARRANTY—BREACH.—Where the testimony does not show in what respect the machine failed to do work as warranted, a breach of the warranty is not made out.

4. Where a breach of warranty is set up under a plea of failure of consideration, the proof must correspond with the contract of warranty set out in the plea.

ERROR to the Circuit Court of Greene county; the Hon. A. G. BURR, Judge, presiding. Opinion filed September 9, 1879.

Mr. HENRY C. WITHERS, for plaintiff in error; that parol evidence is competent to show the character of an assignment of a promissory note, cited Barker v. Prentiss, 6 Mass. 430; Scammon v. Adams, 11 Ill. 575.

The holder of a note is presumed to be the owner, and an assignee in blank may fill in an indorsement to himself: Burnap v. Cook, 32 Ill. 168; Best v. Nokomis Bank, 76 Ill. 608.

The defendant must prove that the assignee had notice of

First Nat. Bank of Canton v. McCann.

defenses at the time of the assignment: Walter v. Kirk, 14 Ill. 55.

A second assignee is not prejudiced by defenses if the first assignment was *bona fide* before maturity: Woodworth v. Huntoon, 40 Ill. 131; Murray v. Beckwith, 81 Ill. 43; Story on Promissory Notes, 213.

Instructions should be based upon the evidence: Rupley v. Daggett, 74 Ill. 351; Cushman v. Cogswell, 86 Ill. 62.

MESSRS. MEYERSTEIN & HENSHAW, for defendant in error; that plaintiff being an assignee after maturity, takes the note subject to defenses, cited Henneberry v. Morse, 56 Ill. 394; Jay v. Reed, 59 Ill. 130; Lord v. Favorite, 29 Ill. 149.

Assignment for collection will not transfer title so as to defeat action in name of the payee: Best v. Nokomis Bank, 76 Ill. 609.

The note being in evidence, the indorsements are also in evidence: Long v. Kingston, 25 Ill. 66.

Genuineness of handwriting may be established by comparison: Brobston v. Cahill, 64 Ill. 356.

Where a party who is not the beneficial holder brings suit, the same defense may be made as if brought by the payee: Easter v. Minard, 26 Ill. 494; Sturges v. Miller, 80 Ill. 241.

As to instructions: C. & A. R. R. Co. v. Buttolf, 66 Ill. 347.

The jury are to judge of the credibility of witnesses: Craig v. Rohrer, 63 Ill. 325.

McCULLOCH, J.   This was a suit upon a promissory note brought by plaintiff in error as indorsee, against defendant in error as maker.   The note is dated at Whitehall, Ill., March 14th, 1877, and made payable on or before the first day of November, 1877, to A. A. Abbott or order, with sundry stipulations in case of default for payment of attorney's fees, waiver of exemption of personal property, etc.   The first indorsement is to Edwin Bayless or order, for collection for account of the indorser, A. A. Abbott.   The second indorsement is by Edwin Bayless to plaintiff.

The defense set up by several pleas, is that the note was given

for a Massilon harvester, purchased by defendant from Abbott, who warranted the same " to be made of good material, and not liable to get out of repair when properly used; to be a good grain-cutting machine, upon which two binders will bind as much grain in one day as they could on the ground in two days; " that there was a breach of this warranty, in consequence of which defendant offered to return the machine to Abbott, as had been agreed upon between them in case of its failure to perform as warranted; that the note was indorsed after maturity; that both Bayless and plaintiff had notice of such failure before the indorsement of the note; that the note was indorsed by Abbott to Bayless without consideration, and that the benefit of the judgment will go to Abbott; that the note was indorsed by Abbott to Bayless for collection only, and by Bayless indorsed to plaintiff after maturity, and that the benefit of the judgment will go to Abbott.

Replications were filed putting these several matters in issue; a trial was had before a jury, a verdict rendered for defendant, a motion for new trial made by plaintiff, which was overruled by the court, and a judgment rendered for defendant, to reverse which judgment is the object of this proceeding.

Plaintiff on the trial proved that the first indorsement from Abbott to Bayless was a *bona fide* assignment for a valuable consideration, it being transferred from Abbott to Bayless in payment of machines purchased. Bayless then procured the note to be discounted by plaintiff, to whom he made the second indorsement.

A good deal of testimony was taken to prove the second indorsement to have been made after the maturity of the note. In the view we have taken of the case we deem this unimportant. The note, with its indorsements, made a *prima facie* case for plaintiff, and with the additional proof that the first indorsement was made for value, threw upon defendant the burden of establishing his defense as against Bayless; for if the latter was a *bona fide* assignee before maturity of the note it matters not that he may have indorsed it to plaintiff after its maturity. We wholly fail to see wherein Bayless was chargeable with notice of any defense to the note, had there been any.

He took the note in the regular course of business before its maturity, and gave Abbott credit with it in his account.   The defense therefore wholly fails on this ground alone.

But the defendant also failed to prove any breach of the warranty set up in his pleas.   After he had given his note for the machine, he sold it to one Ross, to whom he delivered a printed warranty furnished him by Abbott, substantially the same as set out in the pleas.   But defendant testified that *he* did not purchase by this warranty ; that the warranty made by Abbott with him was a verbal one "that the machine would do good work in every respect, and that if it did not do good work, Abbott would take the machine back and return the note."   The only evidence of any breach of warranty is that of Ross, who testified that he gave the machine a fair trial, with experienced hands, on good level ground, and the wheat as standing was in a nice condition ; that he tried it as directed in every manner, and it would not work ; that it was of no account ; that after a fair trial he took it back to McCann and would not keep it because it did not come up to the warranty.   This evidence comes far short of proving a breach of the warranty set up in defendant's pleas.   Not only is the warranty testified to by McCann different from that set up in the pleas, but the testimony of Ross fails to show in what particular either warranty was broken.

The fifth instruction given for the defendant also misrecites the warranty set up in the pleas.   The jury are told in substance that if they believed, from the evidence, that Abbott was the beneficial owner of the note, that the same had been given for a Massilon harvester, and that said Abbott by his agent had warranted the same, "to do good work, and to pick up the grain cut to a sufficient height to enable the binders to easily bind such grain," and that such warranty had failed, and defendant, within a reasonable time, had offered to return the machine, then plaintiff could not recover.   The warranty recited in this instruction conforms neither to that set up in the pleas, nor to that testified to by defendant.   It should not have been given.

The third instruction given for defendant is as follows:

3.  " The court instructs for the defendant, that if the jury believe from the evidence that the note was assigned to plaintiff by Bayless after maturity, that then the plaintiff took the note subjcet to all the equities which properly attach thereto, between defendant McCann, the maker of the note, and Bayless, the first assignee."

This instruction does not state the law correctly. The maker can set up only, any legal defense he may have against the payee or intermediate holder. The statute (R. S. 1874, 719) provides in case of indorsement after maturity, and suit brought by the assignee against the maker, that " the defendant being maker, shall be allowed to set up the same defense that he might have done, had the action been instituted in the name and for the use of the person to whom such instrument was originally made payable, or any intermediate holder."

This instruction, in not limiting the right of defense to a legal defense, was erroneous.

For the reasons herein indicated, the judgment is reversed, a new trial awarded, and the cause remanded.

Reversed and remanded.